UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE TABIBIAN,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE SECRETARY OF THE DEPARTMENT OF THE INTERIOR, through its Acting Assistant Secretary, BUREAU OF INDIAN AFFAIRS, its officers, servants, agents, employees, representatives, and attorneys,<br><br>　　　　　　　　　　　　　　Defendants. | Case No. 3:15-cv-00253-LRH-WGC<br><br>ORDER |

Stephanie Tabibian brings two motions before the court. Tabibian first moves the court for an order compelling the Secretary of the Interior and the Bureau of Indian Affairs ("BIA") to enter into a stipulation and an order remanding to the BIA with instructions to place Tabibian onto the Western Shoshone judgment roll. ECF No. 26. The defendants responded but no reply was filed. ECF No. 30. Tabibian also moves the court for an order of final judgment that approves the BIA's subsequent actions, prevents the disenrollment of Tabibian from the Western Shoshone judgment roll, and compels the payment of funds to Tabibian. ECF No. 36. The defendants opposed the motion, and Tabibian replied. ECF Nos. 37, 38. The court now denies both motions, finding the case is moot.

**I.　BACKGROUND**

The Western Shoshone Claims Distribution Act was passed in 2004. Pub L. 108-270, 118 Stat. 805. To make a claim for recovery under the Act, a person must be placed on the Western

Shoshone judgment roll. *Id.* To be placed on the judgment roll, the person must be at least ¼ blood quantum level of Western Shoshone. *Id.*

Tabibian applied to be placed on the judgment roll based on her heritage.[1] ECF No. 26. Both her great-grandfather and her great-grandmother were 4/4 blood quantum level of Western Shoshone. *Id.* The BIA denied Tabibian's application for her failure to be ¼ blood quantum level of Western Shoshone but without explaining how it had determined her blood quantum level. *Id.*

Tabibian therefore sued the defendants, alleging violations of due process, of equal protection, and of the Administrative Procedure Act. ECF No. 1. The case was voluntarily remanded to the BIA on the parties' stipulation in August 2015. ECF Nos. 7, 9. The court's order approving the stipulation constituted a final judgment in this action as to Tabibian. ECF No. 9.

But two years passed without contact between the parties regarding Tabibian's placement on the judgment roll. ECF No. 26. As a result, in October 2017, Tabibian moved the court for an order that compels the defendants to stipulate to placing her onto the judgment roll and an order directing the defendants to do so. ECF No. 26. Tabibian was added to the judgment roll on November 14, 2017. ECF No. 30, 36, 38.

However, Tabibian did not receive the funds owed to her under the Act as of November 29, 2017. ECF No. 36. She therefore moved for an order of final judgment. *Id.* The defendants opposed the motion. ECF No. 37.

## II. LEGAL STANDARD

A case no longer presents a case or controversy for Article III purposes and is therefore moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Already, LLC v. Nike, Inc.*, 586 U.S. 85, 91 (2013) (internal quotation marks omitted)). But courts hesitate to declare a case moot when a party has voluntarily ceased the challenged activity. *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010). Courts hesitate to dismiss a case as moot based on a party's voluntary cessation of the challenged activity because

---

[1] The defendants do not dispute the facts in Tabibian's motion. *See* ECF Nos. 30, 37. The court therefore takes the facts from her pending motions unless otherwise noted.

a dismissal for mootness would allow the party to resume the challenged activity after the case was dismissed. *Rosebrock*, 745 F.3d at 971.

While the doctrine of mootness ordinarily considers the possibility of a party voluntarily ceasing the challenged activity in bad faith, the court must "presume the government is acting in good faith" if it is the party that voluntary ceases the challenged activity. *Am. Cargo Transp.*, 625 F.3d at 1180. But the government still "bears the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Rosebrock*, 745 F.3d at 971.

"[A] policy change not reflected in statutory changes or even in changes in ordinances or regulations will not necessarily render a case moot … but it may do so in certain circumstances…." *Id.* (internal citations omitted). While a definitive test to determine mootness under circumstances involving voluntary cessation does not yet exist, five factors make mootness more likely: "(1) the policy change is evidenced by language that is broad in scope and unequivocal in tone; (2) the policy change fully addresses all of the objectionable measures that the government officials took against the plaintiffs in the case; (3) the case in question was the catalyst for the agency's adoption of the new policy; (4) the policy has been in place for a long time when [the court] consider[s] mootness; and (5) since the policy's implementation[,] the agency's officials have not engaged in conduct similar to that challenged by the plaintiff." *Id.* at 972 (internal citations and punctuation marks omitted). Conversely, mootness is not likely when "the new policy could be easily abandoned or altered in the future." *Id.* (internal citations and punctuation marks omitted).

### III. DISCUSSION

Tabibian brings two motions before the court. ECF Nos. 26, 36. The court first resolves the motion for an order compelling the defendants to enter into stipulation. The court then resolves the motion for a final judgment.

/ / /

/ / /

/ / /

### A. Motion for an Order Compelling a Stipulation

Tabibian first moves for an order to compel the defendants to enter into a stipulation and to instruct the defendants to place her onto the judgment roll. But since filing their motion, she was added to the judgment roll. The court therefore denies this motion as moot.

### B. Motion for a Final Judgment

The court now turns to Tabibian's motion for a final judgment. In her motion, Tabibian requests an order that (1) approves the BIA's decision to place Tabibian onto the judgment roll, (2) prohibits the BIA from disenrolling her from the judgment roll, and (3) compels the defendants to disburse the funds owed. The defendants argue that a final judgment has been entered as to Tabibian by way of the court's approval of the stipulation to remanding the case. The defendants also argue the case became moot once Tabibian was placed onto the judgment roll.[2] The court agrees with the defendants.

Even if a final judgment has not been entered in the case as Tabibian contends, the case became moot when the issue presented by Tabibian was no longer live. She sued the defendants to enforce her right to be placed on the judgment roll, which would then allow her to recover under the Act. The case therefore became moot once Tabibian was added to the judgment roll and gained the right to recover under the Act.

The court does not sway in its decision even though its finding results from the defendants voluntarily ceasing the challenged conduct, because the five considerations suggesting a finding of mootness favor the court's decision. On remand, the BIA completely reversed its finding that Tabibian was ineligible for placement on the judgment roll; the change addresses her objections to the BIA's original finding of ineligibility; the BIA changed its decision in response to the initiation of this case; and Tabibian does not provide any allegations that suggest the BIA has attempted to revoke her status on the judgment roll since the change in the BIA's decision. Further, the challenged activity resulted from an administrative error, which has not been resolved. Because the court presumes that the BIA changed its decision in good

---
[2] The defendants also argue that Tabibian lacks the authority to move for an order granting her requested relief, *e.g.*, a rule or statute. But the court will not address the argument based on the finding of mootness.

4

faith and finds little reason to doubt the BIA's change in its decision[3], the court holds that the defendants have met their burden of demonstrating mootness. The court therefore dismisses the case as moot.[4]

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that Stephanie Tabibian's motion for an order compelling the defendants to enter into stipulation and order remanding to agency (ECF No. 26) is **DENIED as moot.**

IT IS FURTHER ORDERED that Stephanie Tabibian's motion for a final judgment (ECF No. 36) is **DENIED.**

IT IS FURTHER ORDERED that the case be **DISMISSED as moot**.

IT IS SO ORDERED.

DATED this 8th day of February, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] The court acknowledges that Tabibian alleges she has not been contacted by the BIA regarding the payment of the owed funds. ECF No. 38. But the court does not believe the two-month delay suggests that the BIA will revoke Tabibian's eligibility for the judgment roll or that the defendants will fail to pay the funds owed. However, if the BIA does revoke its current decision, Tabibian may pursue relief in a new suit. *See Rosebrock*, 745 F.3d at 974 (recognizing the lack of procedural safeguards that would prevent the challenged activity from resuming but stating the plaintiffs' right to pursue relief in a new suit if the activity were to resume).

[4] The court will not consider Tabibian's argument that the defendants relied on undisclosed evidence to make their determination that she was eligible for the judgment roll by having a 5/16 blood quantum level of Western Shoshone. *See* ECF No. 38 at 5. The court declines to consider the argument for two reasons. First, the calculation made Tabibian eligible to be placed on the judgment roll. The calculation therefore satisfied the dispute between Tabibian and the defendants in a manner favorable to Tabibian. The attempt to manufacture a dispute on the exact calculation will not cause this court to alter its decision. Second, Tabibian raised the argument for the first time in her reply brief. *See United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999) (holding arguments raised for the first time in a reply brief are waived).