UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE TABIBIAN,<br><br>Plaintiff,<br><br>v.<br><br>THE SECRETARY OF THE DEPARTMENT OF THE INTERIOR, through its Acting Assistant Secretary; BUREAU OF INDIAN AFFAIRS, its officers, servants, agents, employees, representatives, and attorneys,<br><br>Defendants. | Case No. 3:15-cv-00253-LRH-WGC<br><br>ORDER |

Stephanie Tabibian moves the court to reconsider the dismissal of this matter as moot. ECF No. 42. The Secretary of the Department of the Interior and the Bureau of Indian Affairs ("BIA") opposed the motion, and Tabibian replied. ECF Nos. 43, 44. The court now denies the motion.

I.      BACKGROUND

Tabibian brought this suit after the BIA denied her application for placement on the judgment roll of the Western Shoshone Claims Distribution Act. ECF No. 1. The BIA denied her application for her failure to have ¼ blood quantum level of Western Shoshone. *Id.*

In August 2015, the parties stipulated to the remand of this case to the BIA. ECF No. 7. The court remanded the action, ruling "the [c]ourt's approval of this stipulation for remand shall constitute a final judgment in this action as to Stephanie Tabibian…." ECF No. 9.

After the matter was remanded, two years passed without contact between the parties and without placement of Tabibian on the judgment roll. ECF No. 26. Tabibian therefore moved the

1

court for an order compelling defendants to place her on the judgment roll. *Id.* But Tabibian was added to the judgment roll on November 14, 2017, before her motion was addressed by the court. ECF Nos. 30, 36, 38.

Tabibian therefore moved for final judgment, asking the court to approve the BIA's decision to add her to the judgment roll, to prohibit the BIA from disenrolling her from the judgment roll, and to compel defendants to disburse the recovery owed under the Act. ECF No. 36. The court denied the motion as moot, stating:

> Even if a final judgment has not been entered in the case as Tabibian contends, the case became moot when the issue presented by Tabibian was no longer live. She sued the defendants to enforce her right to be placed on the judgment roll, which would then allow her to recover under the Act. The case therefore became moot once Tabibian was added to the judgment roll and gained the right to recover under the Act.
>
> The court does not sway in its decision even though its finding results from the defendants voluntarily ceasing the challenged conduct…. On remand, the BIA completely reversed its finding that Tabibian was ineligible for placement on the judgment roll; the change addresses her objections to the BIA's original finding of ineligibility; the BIA changed its decision in response to the initiation of this case; and Tabibian does not provide any allegations that suggest the BIA has attempted to revoke her status on the judgment roll since the change in the BIA's decision. Further, the challenged activity resulted from an administrative error, which has [] been resolved. Because the court presumes that the BIA changed its decision in good faith and finds little reason to doubt the BIA's change in its decision, the court holds that the defendants have met their burden of demonstrating mootness. The court therefore dismisses the case as moot.

ECF No. 41 (footnotes removed).[1] The court also acknowledged that Tabibian had not received the funds owed to her under the Act. *Id.* at fn. 3. But the court stated that it did not "believe the two-month delay suggest[ed] that the BIA will revoke Tabibian's eligibility for the judgment roll or that the defendants will fail to pay the funds owed." *Id.* The court further instructed that Tabibian may pursue relief in a new suit if the BIA revokes its current decision. *Id.* (citing *Rosebrock v. Mathis*, 745 F.3d 963, 974 (9th Cir. 2014) (recognizing the plaintiffs' right to pursue relief in a new suit if the challenged activity were to resume)). Tabibian now moves the court to reconsider its decision. ECF No. 42.

---

[1] In the original order, the court stated: "Further, the challenged activity resulted from an administrative error, which has **not** been resolved." ECF No. 41 (emphasis added). The administrative error was resolved, hence the BIA reversed its decision and added Tabibian to the judgment roll.

2

## II.    LEGAL STANDARD

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). As such, a motion for reconsideration should not be granted absent newly discovered evidence, an indication that the court committed clear error, or an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.    DISCUSSION

Tabibian moves the court to reconsider its dismissal of this matter as moot, stating defendants have not ceased the challenged conduct and that Tabibian has not yet received payment under the Act. ECF No. 42. The court disagrees.

As an initial matter, the court's approval of the parties' stipulation for remand constituted a final judgment in this action as to Tabibian. But even if no final judgment had been entered, the matter became moot when Tabibian was added to the judgment roll.

Next, the court disagrees that defendants have not ceased the challenged conduct. Tabibian sued defendants, challenging the denial of her application. The application was denied based on an administrative error. The error was corrected on remand. As a result, the BIA reversed its decision and placed Tabibian on the judgment roll. Defendants therefore ceased the challenged conduct by reversing the denial of Tabibian's application and placing her on the judgment roll.

Finally, Tabibian gained the right to recover under the Act after being placed on the judgment roll. Tabibian was placed on the judgment roll in November 2017—only four months ago. She gives no basis on which to suggest the BIA will alter its current decision or to suggest defendants challenge her right to payment under the Act. *See* ECF No. 42. Accordingly, she gives the court no basis on which to alter its ruling. The motion for reconsideration is denied as a result.

/ / /

/ / /

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Stephanie Tabibian's motion for reconsideration (ECF No. 42) is **DENIED with prejudice**.

IT IS SO ORDERED.

DATED this 14th day of March, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE